# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAMES MOBLEY, | : | |
| Petitioner, | : | Case No. 3:09cv00061 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| WARDEN, Chillicothe Correctional Institution, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

Petitioner James Mobley, an inmate in the custody of the State of Ohio, brings this case seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. The case is presently before the Court upon Petitioner's Motion for Summary Judgment (Doc. #26), Respondent's Memorandum in Opposition (Doc. #27), and the record as a whole.

Petitioner contends that an Order granting summary judgment in his favor is warranted because there is no genuine issue of material fact and he is entitled to judgment as a matter of law. Respondent contends that Petitioner's Motion lacks merit because Respondent is entitled to judgment as a matter of law, as demonstrated in the Return of Writ.

Rule 56 of the Federal Rules of Civil Procedure applies to habeas corpus cases to the extent it is "not inconsistent with any statutory provisions..." or with the Rules Governing Section 2254 Cases. *See* Rule 11, Rules Governing Section 2254 Cases in the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

United States District Courts. Summary Judgment is warranted under Rule 56 "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Neither Petitioner's Motion for Summary Judgment nor his habeas corpus petition establish that he is summarily entitled to a Writ of Habeas Corpus or to judgment as a matter of law on any of his asserted grounds for relief. This is especially true when the Return of Writ raises several contentions sufficient create a presently ongoing dispute between the parties regarding whether Petitioner is entitled to a Writ of Habeas Corpus. *See, e.g.,* Doc. #8 at 13-23.

Accordingly, Petitioner's Motion for Summary Judgment lacks merit.

**IT IS THEREFORE RECOMMENDED THAT:**

Petitioner's Motion for Summary Judgment (Doc. #26) be DENIED and the case remain pending on the Court's docket.

August 3, 2009

                                                   s/Sharon L. Ovington
                                                        Sharon L. Ovington
                                               United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).