# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAMES MOBLEY, | : | |
| Petitioner, | : | Case No. 3:09cv00061 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| WARDEN, Chillicothe Correctional Institution, | : | |
| | : | |
| Respondent. | | |
| | : | |

## DECISION AND ENTRY

Petitioner James Mobley is an inmate in state custody serving a nine-year prison sentence. His multiple convictions include, in part, one count of breaking and entering (unoccupied structure) and one count of grand theft with a firearm specification.

Mobley brings this case seeking a writ of habeas corpus under 28 U.S.C. §2254. His petition for writ of habeas corpus is presently pending and under consideration; no decision has yet issued on whether or not he is entitled to a writ of habeas corpus.

The Court previously denied Mobley's Motion for Bond because he had not demonstrated either a substantial claim on the merits or the existence of exceptional circumstances justifying an Order requiring Respondent to release him on bond. (Doc. #25).

The case is presently before the Court upon Mobley's Motion for Reconsideration for Appeal Bond (Doc. # 47) and the record as a whole.  He asks the Court to reconsider the prior decision to deny his release on bond.  Mobley recently learned that his biological father, who is 83 years old, "is not in good health."  (Doc. #47).  Assuming this is true, Mobley understandably wants to be released from prison on bond so he can be close to his father and family.

Mobley's present incarceration is based on presumptively valid state convictions. "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).  Despite the highly personal and emotional nature of the situation facing Mobley and his family, the circumstances fail to make his Motion for Appeal Bond "exceptional," *id*., and his ongoing incarceration does not impinge his constitutional rights because he does not have a "constitutional or inherent right to parole...." *Id*. (citing *Greenholz v. Inmates of The Nebraska Penal & Correctional Complex*, 442 U.S. 1 (1979)).

Accordingly, upon reconsideration of whether Mobley should be released on bond pending a decision on his petition for writ of habeas corpus, Mobley is not entitled to release on bond.

**IT IS THEREFORE ORDERED THAT:**

1.    Mobley's Motion for Reconsideration for Appeal Bond (Doc. #47) is

        DENIED; and

2.      This case remains pending on the Court's docket.


August 22, 2011

                                                                     s/Sharon L. Ovington  
                                                                     Sharon L. Ovington  
                                                         United States Magistrate Judge