# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JAMES MOBLEY, : | |
| Petitioner, : | |
| | Case No. 3:09cv00061 |
| vs. : | |
| | District Judge Thomas M. Rose |
| WARDEN, Chillicothe Correctional, : | Chief Magistrate Judge Sharon L. Ovington |
| Institution, | |
| : | |
| Respondent. | |

# REPORT AND RECOMMENDATIONS[1]

On December 5, 2011, the Court issued a Decision and Entry denying James Mobley's Petition for Writ of Habeas Corpus. (Doc. #52). Now, some two years and nine months later, he has filed a Motion for Correction to Previous Motion for Review and Reconsideration. (Doc. #55).

Mobley seeks a correction of the docket entry concerning his previously filed Motion for Review and Reconsideration (Doc. #47). He asks the Court to direct the Clerk of Court to change the Respondent's name to "Warden, Ross Correctional Institution," where he is currently incarcerated. There is, however, no need to alter the docket entry because (1) final Judgment was entered against Mobley long ago, (2) he did not file a timely Notice of Appeal

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

concerning that final Judgment, and (3) denying his present Motion works no prejudice on him in light of that final Judgment.

In addition, Mobley asks the Court to review and reconsider his habeas corpus petition and documents "docket 1 thru 36 of this case number and return a favorable decision in [his] favor ... and order [him] released from the custody of the State of Ohio ...." He also seeks an award of $11,000,000 for his wrongful "conviction and sentencing of 9 years and 11 months." (Doc. #55, PageID at 668).

Mobley's request for release from state custody and his assertion that he has been wrongfully convicted reveal that his present motion constitutes and second or successive habeas corpus petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). Mobley cannot proceed in this Court with a second or successive habeas corpus petition unless he first obtains authorization to do so from a three-judge panel of the United States Court of Appeals for the Sixth Circuit. *See id*.; *see also* 28 U.S.C. §2244(b)(3). As to his request for monetary relief, no such relief is available in this habeas corpus case. *See* 28 U.S.C. §§ 2241, 2254.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Mobley's Motion for Correction to Previous Motion for Review and Reconsideration. (Doc. #55) be DENIED; and

2. The case remain terminated on the docket of this Court.

October 20, 2014                             s/Sharon L. Ovington
                                             Sharon L. Ovington
                                             Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).